**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. 4:20-cv-2958 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-5, individually and together | § | |
| d/b/a Universe IPTV; Universe TV; | § | |
| World-Universeiptv.com; Uni-Update.com; | § | |
| and Uni-Web.online, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF DISH NETWORK L.L.C.'S MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Plaintiff DISH Network L.L.C. ("DISH") respectfully files this memorandum in support of its motion for leave to conduct limited expedited discovery for the purpose of identifying Defendants Does 1-5 ("Defendants").

## I.     Factual Background

DISH brings this direct copyright infringement action to stop Defendants from taking television channels exclusively licensed to DISH (the "Protected Channels") and unlawfully retransmitting them over the Internet throughout the United States on Defendants' Universe IPTV service (the "Universe Service"). Defendants provide the Universe Service to customers who purchase Defendants' Universe Service subscriptions ("Universe Subscriptions"). Defendants own and operate the World-Universeiptv.com; Uni-Update.com; Uni-Web.online; Universe-ip.com; Universepro9.vip; Universeiptv.com; Universe-ip.world; Olink1.rocks; Olink2.rocks; Olink3.rocks; Olink4.rocks; Olink5.rocks; and Olink7.rocks domains and websites (collectively, the "Universe Domains"). Defendants have used numerous third-party service providers to promote, manage, and operate the Universe Service and Universe Domains, and to promote and

sell Universe Subscriptions, including GoDaddy.com, LLC ("GoDaddy"); Domains By Proxy, LLC ("Domains By Proxy"); Wild West Domains, LLC ("Wild West"); Namecheap, Inc. ("Namecheap"); Google LLC ("Google"); Amazon Technologies, Inc. ("Amazon"); Cloudflare, Inc. ("Cloudflare"); Tucows Inc. ("Tucows"); PayPal, Inc. ("PayPal"); Facebook, Inc. ("Facebook"); Twitter, Inc ("Twitter"); WhatsApp Inc. ("WhatsApp"); and Microsoft Corporation ("Microsoft").  As demonstrated below, Defendants' true names and street addresses are unknown and, therefore, subpoenas to these third-parties are necessary to uncover Defendants' true identities.

**A.      DISH's Television Service and Copyrighted Works.**

DISH is the fourth largest pay-television provider in the United States providing copyrighted programming to millions of subscribers nationwide.  (Declaration of Elizabeth Riemersma [Riemersma Decl.] ¶ 2.)  DISH is one of the largest providers of international television channels in the United States offering more than 400 channels in 27 different languages.  (*Id.*)

DISH entered into signed, written agreements for the 37 Arabic, Bangla, Hindi, and Urdu language channels identified as the Protected Channels in the complaint.  (*Id.* ¶ 3; ECF 1, Compl. ¶ 9.)  DISH was granted the exclusive license and right to distribute and publicly perform in the United States all programming aired on the Protected Channels, by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet.  (Riemersma Decl. ¶ 3.)  DISH's exclusive rights as to the Protected Channels are currently in effect.  (*Id.*)

**B.      Defendants Infringe DISH's Exclusive Rights in the Programs on the Protected Channels.**

Defendants unlawfully transmit the programs that air on the Protected Channels over the Internet to users of the Universe Service located in the United States ("Service Users").  (*Id.* ¶¶ 4-5; Declaration of Gregory Duval [Duval Decl.] ¶¶ 16-17, Ex. 10.)  Defendants take broadcasts or

streams of the Protected Channels and transfer them to one or more computer servers that are provided, controlled, and maintained by Defendants. (*See* Duval Decl. ¶¶ 17-18; ECF 1 ¶ 25.) Defendants then transmit the Protected Channels to Service Users with the Universe-ip.com domain and its assigned computer server, and previously transmitted the Protected Channels to Service Users with the Olink1.rocks; Olink2.rocks; Olink3.rocks; Olink4.rocks; Olink5.rocks; Olink7.rocks; Universepro9.vip; Universeiptv.com, and Universe-ip.world domains and their assigned computer servers. (Duval Decl. ¶ 18.) The Protected Channels were observed repeatedly during monitoring of the Universe Service. (*Id.* ¶ 17, Ex. 10.)

Defendants promoted the Universe Service on their World-Universeiptv.com website where they sold Universe Subscriptions and referred consumers and resellers to Defendants' Uni-update.com website. (*Id.* ¶¶ 6-7.) Uni-update.com refers Service Users to Defendants' Uni-Web.online website, where they can check the status of their Universe Subscription and receive the Protected Channels by inserting their Universe Subscription user name and password and selecting the Protected Channels. (*Id.* ¶ 8.)

Defendants' service providers for the Universe Domains include GoDaddy and Namecheap as registrars for the domains; Domains By Proxy and Tucows as proxy services; Cloudflare as the reverse proxy, pass-through security service; Wild West Domains for their name servers, and Defendants have used Google and Amazon as web hosts. (*Id.* ¶¶ 6-8, 18, Exs. 1-3, 11-20.) Defendants also promote the Universe Service to consumers and resellers through their Universe IPTV YouTube channel and their Facebook, Instagram, and Twitter pages, including invitations to contact them through WhatsApp to purchase Universe Subscriptions. (*Id.* ¶¶ 9-15, Exs. 4-9.) PayPal is used with Google and Microsoft email addresses to receive payments for the sale of

Universe Subscriptions. (Duval Decl. ¶¶ 4-5.) And Defendants used a Microsoft email address to register one of the domains. (Duval Decl. ¶ 18(c), Ex. 13.)

The foregoing third-party service providers are expected to have information that identifies the Defendants—those responsible for operating the Universe Service; unlawfully transmitting the Protected Channels; and promoting and selling Universe Subscriptions, and therefore are the intended recipients of DISH's subpoenas. (*Id.* ¶¶ 19-20; Ferguson Decl. ¶¶ 2-3, Exs. 1-13.).)

## II. <u>Argument and Authorities</u>

### A. Good Cause Exists to Grant DISH Leave to Conduct Expedited Discovery.

#### 1. Legal Standard

Discovery may be conducted prior to the Rule 26(f) conference when authorized by court order. Fed. R. Civ. P. 26(d)(1). District courts in the Fifth Circuit apply a "good cause" standard to determine whether to allow expedited discovery. *See, e.g.*, *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239-40 (S.D. Tex. 2011) (citing cases); *Turner Indus. Grp., Inc. v. Int'l Union of Operating Eng'rs, Local 450*, No. H-13-0456, 2013 WL 2147515, at *3 (S.D. Tex. May 10, 2013). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Turner*, 2013 WL 2147515, at *3 (quoting *St. Louis Group*).

When evaluating requests for expedited discovery to identify anonymous Internet users, courts consider the following: "(1) whether the plaintiff makes a prima facie showing of harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the necessity of the subpoenaed information to advance the claim; and (5) the user's expectation of privacy." *Id.; Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm Identified By Hash: B7FEC872874DoCC9B1372ECE5ED07AD7420A3BBB*,

No. 4:12-cv-00963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012); *Indigital Solutions, LLC v. Mohammad*, No. H-12-2428, 2012 WL 5825824, at *2 (S.D. Tex. Nov. 15, 2012); *Combat Zone Corp. v. Does 1-13*, No. 3:12-CV-3927-B, 2013 WL 230382, at *4 (N.D. Tex. Jan. 22, 2013). Consideration of the foregoing factors demonstrates that there is good cause to grant DISH's request for expedited discovery.

### 2.      DISH States a Prima Facie Claim of Actionable Harm Against Defendants.

DISH asserts claims against Defendants under the Copyright Act.  (ECF 1 ¶¶ 4, 34-41.)  A claim for copyright infringement has two essential elements:  "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  DISH pleads a prima facie claim under the Copyright Act by alleging that it owns valid copyrights in the works that aired on the Protected Channels and that Defendants infringed DISH's copyrights in those works.  (ECF 1 ¶¶ 1, 3, 8-10, 13, 15, 25-29.) Defendants directly infringed DISH's exclusive distribution and public performance rights by transmitting the Protected Channels.  (ECF 1 ¶¶ 34-41.)

### i.      DISH's Copyright Ownership and Protection.

DISH holds the exclusive right to distribute and publicly perform in the United States the works that air on the Protected Channels by means including satellite, OTT, IPTV, and Internet, pursuant to signed, written agreements.  (Part I.A., *supra*.)  As the exclusive licensee of the distribution and public performance rights, DISH has an ownership interest in these copyrights and is entitled to sue for infringement.  *See* 17 U.S.C. § 501(b); *see also Davis v. Blige*, 505 F.3d 90, 100 n.10 (2d Cir. 2007) ("Under current copyright law, exclusive licenses are recognized as a type of an ownership interest . . . .  Exclusive licensees may sue without joining the copyright owners.") (citations omitted).  DISH's copyright ownership is therefore adequately pleaded in the

complaint.  *See DISH Network L.L.C. v. TV Net Solutions, LLC*, No. 6:12-cv-1629-Orl-41TBS, 2014 WL 6685351, at *4-5 (M.D. Fla. Nov. 25, 2014) (granting default judgment and finding DISH's copyright ownership and standing was sufficiently shown based on programming agreements that conveyed exclusive distribution rights to DISH); *Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 WL 2357621, at *4 (N.D. Ill. May 28, 2013) (finding copyright ownership was sufficiently alleged where complaint stated that the plaintiff held the exclusive right to distribute television programs pursuant to written agreements entered into with channel providers).

A published work is protected under the Copyright Act provided:  "(1) on the date of first publication, one or more of the authors … is a national, domiciliary, or sovereign authority of a treaty party … ; or (2) the work is first published … in a foreign nation that, on the date of first publication, is a treaty party."  17 U.S.C. § 104(b).  The works that air on the Protected Channels were authored and first published in the United Arab Emirates, Qatar, Egypt, Lebanon, Pakistan, India, and Bangladesh  (ECF 1 ¶¶ 35-26.)  These nations are a party to a copyright treaty adhered to by the United States, the Berne Convention for the Protection of Literary and Artistic Works, and therefore each is a "treaty party" under section 104(b).  17 U.S.C. § 101; United States Copyright Office, Circular 38(a), International Copyright Relations of the United States, *available at www.copyright.gov/circs/circ38a.pdf.*  The works at issue thus satisfy the requirements of section 104(b) for protection under the Copyright Act.

DISH's copyrighted works need not be registered with the United States Copyright Office to be protected.  Registration is only necessary for a "United States work."  17 U.S.C. § 411(a).  A work first published in a treaty party is not a "United States work."  *See id.* § 101 (defining the term as a work first published in the United States, simultaneously in the United Sates and another

6

place, or in a foreign nation not a treaty party); *see also Jetform Corp. v. Unisys Corp.*, 11 F. Supp. 2d 788, 790 (E.D. Va. 1998) (holding registration not required where complaint alleged the copyrighted work was a "Berne Convention work whose country of origin is not the United States").

However, 37 of DISH's copyrighted works are registered with the United States Copyright Office, which creates a presumption as to ownership and validity.  (ECF 1 ¶ 13, Ex. 1); *see* 17 U.S.C. § 401(c); *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) ("A certificate of registration, if timely obtained, is prima facie evidence of both that a copyright is valid and that the registrant owns the copyright.").  The first element of DISH's copyright infringement claim is sufficiently pleaded.

### ii.    Defendants Infringed DISH's Copyrights in the Protected Channels.

The second element of DISH's claim for copyright infringement requires "copying of constituent elements of the work that are original." *Feist Publ'ns, Inc.*, 499 U.S. at 361.  The term "copying" means to violate one of the exclusive rights granted to copyright owners in 17 U.S.C. § 106, which include the right to reproduce, distribute, or publicly perform copyrighted material. *See CoStar Grp.*, *Inc. v. LoopNet, Inc.,* 373 F.3d 544, 549 (4th Cir. 2004); *Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010).

Defendants take broadcasts or streams of the Protected Channels, transfer them to one or more servers provided, controlled, and maintained by Defendants, and then transmit the Protected Channels to Service Users without authorization from DISH.  (ECF 1 ¶¶ 11, 25.)  These allegations establish that Defendants are directly infringing DISH's exclusive distribution and public performance right.  *See Am. Broad. Cos. v. Aereo, Inc.*, 134 S. Ct. 2498, 2506-11 (2014) (holding

that provider of centralized equipment used to stream broadcast programming to its subscribers infringed content owners' right of public performance).

DISH states a prima facie claim of direct copyright infringement in Count I of the complaint. Accordingly, the first factor considered when ruling on a request for expedited discovery weighs in favor of granting DISH's motion. *See, e.g., Well Go USA,* 2012 WL 4387420, at *2 (first factor satisfied based on allegations in complaint concerning copyright infringement and having IP address of the alleged infringer); *Indigital Solutions,* 2012 WL 5825824, at *2 (S.D. Tex. Nov. 15, 2012) (first factor met where complaint stated a claim for relief based on anonymous defendants' violation of the Computer Fraud and Abuse Act).

### 3.   DISH's Subpoenas are Narrowly Tailored to Identify Defendants.

DISH requests permission to serve subpoenas on the third-party service providers that Defendants use to operate the Universe Service and Universe Domains, and to promote and sell Universe Subscriptions. DISH's subpoenas have been filed with the Court and are reasonably calculated and narrowly tailored to reveal Defendants' identities. (Ferguson Decl. ¶¶ 2-3, Exs. 1-13.)

DISH's subpoenas generally seek information to identify the name and contact information for all account holders of record and persons paying for and managing the accounts with the third-party service providers associated with the Universe Service and Universe Domains. (*Id.*) The discovery of similar information for the sole purpose of identifying anonymous defendants has been authorized on many occasions. *See Combat Zone,* 2012 WL 230382, at *5 (finding proposed subpoenas for "'ISPs to produce any and all documents and/or information sufficient to identify the user or users' of the IP addresses" was sufficiently specific to satisfy the second factor); *DISH Network L.L.C. v. Does,* No. 4:19-cv-4563, ECF 6 (S.D. Tex. Dec. 2, 2019); *DISH Network L.L.C.*

*v. Does,* No. 4:19-cv-2994, ECF 6 (S.D. Tex. Sept. 19, 2019); *DISH Network L.L.C. v. Does,* No. 4:17-cv-1618, ECF 6 (S.D. Tex. June 19, 2017).

      **4.**      **DISH's Subpoenas are Necessary to Identify Defendants.**

      The third and fourth factors examine whether there is an alternate means for obtaining information requested in the subpoenas and whether that information is necessary to advance the claims. *Turner*, 2013 WL 2147515, at \*3. DISH conducted a thorough investigation and thus far is only able to identify Defendants' accounts with various third-party service providers. (Duval Decl. ¶¶ 19-20.) DISH does not have a means for identifying Defendants other than its proposed subpoenas. (*Id.* ¶ 20.) Without this information, DISH will be unable to advance this case and stop the unauthorized transmission of the Protected Channels. The third and fourth factors weigh in DISH's favor. *See, e.g., Combat Zone*, 2013 WL 230382, at \*5 (finding third and fourth factors satisfied because subpoena to ISP was necessary to identify unknown infringer and case could not proceed until defendant was identified and served); *Well Go USA*, 2012 WL 4387420, at \*2 (reaching same conclusion).

      **5.**      **DISH's Subpoenas Will Not Violate Defendants' Expectation of Privacy.**

      The final factor considers the effect the discovery might have on Defendants' expectation of privacy. *Turner*, 2013 WL 2147515, at \*3. Defendants are directly infringing DISH's exclusive distribution and public performance right by transmitting the Protected Channels on the Universe Service. *See supra,* Part I.B. Defendants cannot rely on a First Amendment right of privacy to prevent DISH from discovering their copyright infringement. *See West Coast Prods., Inc. v. Does 1-351*, No. 4:12-cv-00504, 2012 WL 2577551, at \*4 (S.D. Tex. July 3, 2012) (denying Doe defendant's attempt to prevent ISP from disclosing his identity on the basis of privacy and free speech rights, reasoning that if "anonymity is used to mask copyright infringement or to facilitate

such infringement by others, the First Amendment is no protection"); *see also Dallas Cowboys Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1188 (5th Cir. 1979) ("The first amendment is not a license to trammel on legally recognized rights in intellectual property.").

### III.     Conclusion

For the foregoing reasons, DISH respectfully requests that the Court grant this Motion and authorize DISH to conduct limited expedited discovery, including the issuance of the subpoenas attached to the Ferguson declaration as Exhibits 1-13.

Dated:  August 24, 2020

Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By:  /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**