**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., § § Plaintiff, § § v. § § DOES 1-5, individually and together § d/b/a Universe IPTV; Universe TV; § World-Universeiptv.com; Uni-Update.com; § and Uni-Web.online, § § Defendants. § | Civil Action No. 4:20-cv-02958 |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO IDENTIFY AND SERVE DEFENDANT DOES AND MEMORANDUM IN SUPPORT**

In accordance with Federal Rules of Civil Procedure 4(f), 4(m) and 6(b), Plaintiff DISH Network L.L.C. ("DISH") requests a 90-day extension of time to identify and serve process on Defendant Does 1-5 ("Defendants").

### I.     INTRODUCTION

DISH brought this suit against Defendants on August 24, 2020 based on their Universe IPTV pirate video streaming service that perpetrates and facilitates copyright infringement on a massive scale through the unauthorized transmission, distribution, and public performance of foreign television channels and programs in the United States. (Dkt. 1, Compl. ¶¶ 1, 12-41.) Defendants' wrongful acts infringe DISH's exclusive rights to domestically distribute and publicly perform the television programming that airs on the channels (the "Protected Channels"). (*Id.* ¶¶ 8-33.) Defendants, without any authorization, capture and transmit the programming on the Protected Channels over the Internet to customers who purchase Defendants' Universe IPTV service subscriptions in the United States. (*Id.* ¶¶ 25-29.)

Defendants are individuals or entities that are doing business as Universe IPTV; Universe TV; World-Universeiptv.com; Uni-Update.com; and Uni-Web.online, and own and operate the

Universe Domains.[1]  (*Id.* ¶ 3.)  At the time of filing, DISH was unaware of the true names of Defendants because they concealed their identities through the use of domain proxy services.  (*Id.*)  To ascertain Defendants' true identities, DISH requested leave to issue subpoenas to third-party service providers that Defendants used to promote, manage, and operate the Universe IPTV service and Universe Domains.  (Dkt. 3.)  These service providers include: GoDaddy.com, LLC; Domains By Proxy, LLC; Wild West Domains, LLC; Namecheap, Inc.;  Google LLC; Amazon Technologies, Inc.; Cloudflare, Inc.; Tucows Inc.; PayPal, Inc.; Facebook, Inc.; Twitter, Inc.; WhatsApp Inc.; and Microsoft Corporation.  (Dkt. 3-1 at 1-2.)  On September 8, 2020, the Court granted DISH leave to serve these subpoenas.  (Dkt. 5.)

The following day on September 9, 2020, DISH issued subpoenas to the forgoing service providers, requesting, among other things, that they provide information sufficient to identify Defendants' names and addresses.  (Declaration of Stephen M. Ferguson [Ferguson Decl.] ¶¶ 2-14, Exs. 1-13.)  DISH recently received outstanding information in response to three subpoenas on November 2, 2020.  (*Id.* ¶¶ 2-3, 11, Exs. 1-2, 10.)  And although the information received from the subpoenas has helped DISH make progress in identifying Defendants, additional time is needed for two service providers to respond and for DISH to amend its Complaint and serve the Defendants.  (*Id.* ¶¶ 10, 12.)  Accordingly, under the circumstances, a 90-day extension is warranted.

## II.     ARGUMENT & AUTHORITIES

### A.     Extending the Service Deadline Requires a Showing of Good Cause.

Although the Federal Rules prescribe a time limit of 90 days to serve the defendant after a complaint is filed, that deadline does not apply to service on a defendant in a foreign country.  *See* Fed. R. Civ. P. 4(m) advisory committee's note (1993) ("It may be noted that the presumptive time limit for service under subdivision (m) does not apply to service in a foreign country.").  The

---

[1] The Universe Domains include the World-Universeiptv.com; Uni-Update.com; Uni-Web.online; Universe-ip.com; Universepro9.vip; Universeiptv.com; Universe-ip.world; Olink1.rocks; Olink2.rocks; Olink3.rocks; Olink4.rocks; Olink5.rocks; and Olink7.rocks domains and websites.

exclusion of service in a foreign country from the presumptive 90-day time limit "[i]s reasonable, and helps to counterbalance the complex and time-consuming nature of foreign service of process." *Kim v. Mohn*, 909 F. Supp. 474, 480 (S.D. Tex. 1995).

Rule 4(m) requires the Court to extend the time for service if DISH shows good cause. *See Lindsey v. U.S. R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir. 1996) (noting that if good cause is shown, courts "shall extend the time for service for an appropriate period") (quoting Fed. R. Civ. P. 4(m)). To establish good cause, DISH need only demonstrate "as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* And when service is to be effected in a foreign country, the Fifth Circuit has instructed that a "flexible due diligence standard" should apply when deciding whether or not to grant an extension. *Lozano v. Bosdet*, 693 F.3d 485, 488, 491 (5th Cir. 2012) (reversing district court's dismissal for failure to timely serve foreign defendants even after two prior extensions had already been granted). Even in the absence of good cause, a district court has discretion to extend the time for service of process. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Millan v. USAA Gen. Indem. Co*., 546 F.3d 321, 325 (5th Cir. 2008)).

> **B.     Good Cause Exists for a 90-day Extension Because Defendants are Believed to Reside in Egypt and the United Arab Emirates, DISH has Made Progress in Identifying Defendants through Subpoenas, and Additional Time is Needed.**

Good cause exists to allot an additional 90 days to serve Defendants. DISH wasted no time in issuing subpoenas to third-party service providers that Defendants were using to promote, manage, and operate the Universe IPTV service and Universe Domains. DISH's Motion for Leave to Conduct Expedited Discovery was granted on September 8, 2020 (Dkt. 5), and thirteen subpoenas were sent out for service on September 9, 2020. (Ferguson Decl. ¶¶ 2-14, Exs. 1-13.)

There is reason to believe that Defendants reside in Egypt and the United Arab Emirates. GoDaddy.com, LLC is a service provider used to register Defendants' Universe Domains. (*See id.* ¶ 2, Ex. 1.) Domains By Proxy, LLC is a domain proxy service used to conceal the identity of the registrant of Defendants' Universe Domains. (*See id.* ¶¶ 3, Ex. 2.) PayPal, Inc. is a service provider used to pay for Defendants' Universe Domains and receive payments for Universe IPTV

service subscriptions.  (*See id.* ¶ 10, Ex. 9.)  Facebook, Inc. is a service provider of Defendants' social media accounts used to distribute, sell, and promote Universe IPTV service subscriptions. (*See id.* ¶ 11, Ex. 10.)  Google LLC is a service provider of one of Defendants' email accounts. (*See id.* ¶ 6, Ex. 5.)  GoDaddy, Domains By Proxy, PayPal, Facebook, and Google provided information identifying Defendants as individuals residing in Egypt and the United Arab Emirates. (*Id.* ¶¶ 2-3, 6, 10-11.)

Information from two subpoenas remain outstanding.  Twitter, Inc., another service provider of Defendants' social media accounts used to distribute, sell, and promote Universe IPTV service subscriptions, has not provided a response to DISH's subpoena.  (*Id.* ¶¶ 12, Ex. 11.)  And additional information identifying Defendants was requested from PayPal on November 5, 2020, and is expected to be provided by the end of November.  (*Id.* ¶ 10, Ex. 9.)

DISH has made progress from the subpoena responses in ascertaining Defendants' identities, but a 90-day extension is warranted for three reasons.  First, Twitter and PayPal should be given additional time to respond.  Second, it is likely DISH will be required to effect service in Egypt and the United Arab Emirates, and courts routinely grant extensions in cases where service is required to take place in a foreign country.  *See, e.g., Lozano*, 693 F.3d at 486, 490-91; *Flock v. Scripto-Tokai Corp.*, No. Civ. A.H.–00-3794, 2001 WL 34111630, at *7 (S.D. Tex. July 23, 2001) (denying motion to dismiss and granting plaintiff a 90-day extension to serve defendants in Mexico).  Finally, such an extension is especially reasonable here because DISH must also amend its complaint and secure summons for each individual defendant prior to serving them.

### III.  CONCLUSION

For the foregoing reasons, the Court should grant DISH a 90-day extension, or until February 22, 2021, to serve Defendants.

Dated:  November 9, 2020	Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**