**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § § § | Civil Action No. 4:20-cv-02958 |
| Plaintiff, | § § | |
| v. | § § | |
| MOHAMED OMAR, HOSSAM ABD ELGHANY, and MOUSTAFA MAATOUK, individually and together d/b/a Universe IPTV; Universe TV; World-Universeiptv.com; Uni-Update.com; and Uni-Web.online, | § § § § § § § § | |
| Defendants. | § | |

**FIRST AMENDED COMPLAINT**

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Mohamed Omar, Hossam Abd Elghany, and Moustafa Maatouk, individually and together d/b/a Universe IPTV; Universe TV; World-Universeiptv.com; Uni-Update.com; and Uni-Web.online, and states as follows:

**Nature of the Action**

1. DISH brings this suit for direct and contributory copyright infringement because Defendants are taking television channels exclusively licensed to DISH and are unlawfully retransmitting these channels over the Internet throughout the United States on Defendants' Universe IPTV service (the "Universe Service") to customers who purchase Defendants' Universe Service subscriptions ("Universe Subscriptions"). Defendants also know that the Universe Service is providing access to television channels exclusively licensed to DISH and are materially contributing to and inducing direct copyright infringement by a third party operator of the Universe Service.

2. Defendants demonstrated the willfulness of their copyright infringement by continuing to transmit channels exclusively licensed to DISH and continuing to sell and promote the Universe Service in the United States, despite multiple demands from DISH that they cease.

## Parties

3. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

4. Defendant Mohamed Omar is an individual residing in Sharjah, United Arab Emirates. Omar owns and operates the Uni-Update.com; Uni-Web.online; Universe-ip.com; Universepro9.vip; Universeiptv.com; Universe-ip.world; Olink1.rocks; Olink2.rocks; Olink3.rocks; Olink4.rocks; Olink5.rocks; Olink7.rocks; and Ui-tv.se domains and websites used to transmit television channels to users of the Universe Service and distribute, sell, and promote Universe Subscriptions.

5. Defendant Hossam Abd Elghany is an individual residing in Zagazig, Egypt. Elghany has several Facebook, Instagram, Twitter, and Telegram pages that he uses to distribute, sell, and promote Universe Subscriptions, including one Facebook page jointly used with Maatouk.

6. Defendant Moustafa Maatouk is an individual residing in Gevelsberg, Germany. Maatouk owned and operated the World-Universeiptv.com domain and website and has several Facebook and Instagram pages that he uses to distribute, sell, and promote Universe Subscriptions, including one Facebook page jointly used with Elghany.

## Jurisdiction and Venue

7. DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Personal jurisdiction is proper against Defendants under Rule 4(k)(2) of the Federal Rules of Civil Procedure. Defendants transmit channels exclusively licensed to DISH to at least 1,000 Universe Service users located in the United States ("Service Users"), including in the State of Texas. Defendants have a reseller located in the United States and offer to sell Universe Subscriptions to prospective resellers located in the United States. This Court's exercise of jurisdiction over Defendants is consistent with the Constitution and laws of the United States, DISH's claims arise under federal law, and Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this district and under § 1391(c)(3) because Defendants are nonresidents that may be sued in any judicial district. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

## DISH's Copyrights

10. DISH is the fourth largest pay-television provider in the United States providing copyrighted programming to millions of subscribers nationwide. DISH is one of the largest providers of international television channels in the United States offering more than 400 channels in 27 different languages.

11. DISH contracts for and licenses rights for the international channels distributed on its platform from channel owners and their agents, including ARY Digital USA LLC; Asia TV USA Ltd.; B4U U.S.; Geo USA Holdings, Inc. d/b/a Geo USA LLC; Hum Network Limited; Impress Telefilm, Inc.; MBC FZ LLC; International Media Distribution (Luxembourg) S.A.R.L.; MSM Asia Limited; National Communications Services (SMC-PVT.) Limited; Soundview ATN LLC;

Soundview Broadcasting LLC; Television Media Network (Pvt) Ltd; TV Today Network Ltd.; and World Span Media Consulting, Inc. (collectively, the "Networks").

12. The Networks' channels include Aaj Tak; Al Hayah 1; ART Cima; ARY Digital; ARY News; ATN Bangla; ATN News; B4U Movies; CBC; CBC Drama; Channel-i; Dunya TV; Express Entertainment; Express News; Future TV, Geo News; Geo TV; Hekayat; Hum Masala; Hum Sitaray; Hum TV; Hum World; India Today; LBC; LBCI (a/k/a LDC); MBC1; MBC Drama; MBC Kids (a/k/a MBC3); MBC Masr; Melody Aflam; Melody Classic; NTV Bangla; SAB; SET (a/k/a Sony SET); SET MAX; Zee Aflam; and Zee Alwan (collectively, the "Protected Channels"). The Networks acquire copyrights in the works that air on their respective channels, including by producing the works and by assignment.

13. DISH entered into signed, written licensing agreements with the Networks granting DISH the exclusive right to distribute and publicly perform the Protected Channels and works that air on the Protected Channels in the United States by means including satellite, over-the-top ("OTT"), Internet protocol television ("IPTV"), and Internet. DISH's exclusive rights were in effect at all relevant times. Many of the works that aired on the Protected Channels and for which DISH holds exclusive distribution and public performance rights are registered with the United States Copyright Office. (*See* Exhibit 1.) A vast number of additional, unregistered copyrighted works in which DISH holds exclusive distribution and public performance rights also aired on the Protected Channels. (*See* Exhibit 2.)

14. Defendants are not authorized by DISH to transmit, distribute, or publicly perform the Protected Channels or works that air on those channels in the United States, and DISH has received no compensation from Defendants to do so.

**Defendants' Wrongful Conduct**

15. Defendants distribute, sell, and promote Universe Subscriptions to consumers, including Service Users, and to resellers, including Universeonlinetv.co; Universeiptv.stream; Universeiptvs.com; Iptvuniverse.net; and Universe2iptv.com, with knowledge that these and other resellers distribute, sell, and promote Universe Subscriptions to Service Users.

16. Maatouk promoted the Universe Service on his World-Universeiptv.com website, instructing consumers that "[t]here are more than 40,000 channels, films and series in every country in the world," "we are constantly expanding the number of channels," we have "[a]ll channels," and "we continuously update our service."

**Universe Server**

There are more than 40,000 channels, films and series in every country in the world. we are constantly expanding the number of channels. The server is very mature and unique and is supported by global servers. The prices are never comparable - Sender-logo - An electronic country directory - divided by country groups - A special application on the android - a special page to follow the explanations and developments for each new Note: There are no 18 channels All channels, Universe IPTV A world of entertainment Universe IPTV Get the entertainment you love at the time you want, with the service Universe IPTV is the best service in the areas of drama, which you need with over 40,000 channels at hand! Comedy and documentaries. Subscribe to the service and receive a bouquet of the latest movies, series, plays and TV programs as well as more than 5000 channels of total time, in which we continuously update our service Universe IPTV to ensure the comfort of our customers at all times and enhance the experience offer to enjoy the pictures anytime and on any device of the customer Get the

17. Maatouk's World-Universeiptv.com website referred consumers and resellers of the Universe Service to Omar's Uni-Update.com website.

txt or xls: Download Herunterladen for more information about the server and its applications
http://uni-update.com

© All rights reserved. Universe IPTV
Kontaktinfo@world-universeiptv.com 0049 171 3340784

18. Omar's Uni-Update.com website served as a communication portal between Defendants, resellers of Universe Subscriptions, and Service Users. Uni-Update.com provided news and updates about the Universe Service. For example, Uni-Update.com stated, "To see real-time updates to the server You can know it from the following link, and it appears automatically Any update or addition to the server Whether adding channels, movies, series, or series episodes it appears on the site automatically and instantly." Universe IPTV apps and channel lists were also available for download at Uni-Update.com.



19. Omar also used Uni-Update.com to instruct Service Users to go to his Uni-Web.online website and "check user and password for your subscription," and "[i]f you are able to make a login, this means that you have a 100% original subscription to Universe IPTV Servers." Service Users could also "know the expiration date of your Subscri[p]tion from the same link."



20. Uni-Update.com included marks of MBC1, MBC Drama, MBC Kids/MBC3 and MBC Masr.



21. Elghany and Maatouk jointly promoted the Universe Service to consumers and resellers through posts on their Facebook page located at https://www.facebook.com/unitvplus/ ("Unitvplus"). For example, the Unitvplus Facebook page described the Universe Service as "[t]he best platform to watch open and encrypted Arabic and foreign channels with the largest library of Arab and foreign films and series."



7

22. The Unitvplus Facebook page included marks of CBC, CBC Drama, MBC1, and MBC Masr.



23. Maatouk also promoted the Universe Service to consumers and resellers through his Facebook page located at https://www.facebook.com/worlduniverseiptv/ ("Worlduniverseiptv") and his Instagram page located at https://www.instagram.com/universe.i.p.t.v/ ("Universe.i.p.t.v"). For example, his Worlduniverseiptv Facebook page described the Universe Service as allowing users to "[w]atch all live TV from the World and films on all your devices."

24. Maatouk's Worlduniverseiptv Facebook page and Universe.i.p.t.v Instagram page posted the following image that contains marks of CBC, CBC Drama, Future TV, LBC, MBC1, MBC Drama, MBC Masr, and Melody Aflam.



25. Facebook, Inc. removed Maatouk's Worlduniverseiptv Facebook page and Universe.i.p.t.v Instagram page, on information and belief, for violations of Facebook's terms of service related to copyright infringement. As a result, Elghany and Maatouk made a post on May 5, 2020 to their Unitvplus Facebook page directing consumers and retailers to Elghany's Twitter page located at https://twitter.com/telfazhd; Instagram page located at https://www.instagram.com/telfazhd; and Telegram page located at https://t.me/s/telfazhd (each "Telfazhd").



26. Elghany's Telfazhd Instagram page promotes the Universe Service with the following images with one including marks of CBC, CBC Drama, MBC1, MBC Drama, MBC Kids/MBC3, and MBC Masr.

 

27. Elghany's Telfazhd Twitter page promoted the Universe Service by directing consumers and resellers to contact him by WhatsApp "[f]or subscriptions and distribution," and included the same image from Elghany's and Maatouk's Unitvplus Facebook page that included marks of CBC, CBC Drama, MBC1, and MBC Masr.



28. Defendants use their Universe Service to transmit the Protected Channels over the Internet to Service Users soon after the original authorized transmission. Defendants take broadcasts or streams of the Protected Channels, transfer them to one or more computer servers

10

provided, controlled, and maintained by Defendants, and then transmit the Protected Channels to Service Users through OTT delivery.

29. As set forth in paragraphs 16 and 18, Defendants are directly responsible for the transmission of the channels on the Universe Service, including the Protected Channels, as shown by their claims that they are constantly expanding the number of channels, constantly updating their Universe Service, and updating the server transmitting the Protected Channels.

30. Defendants' transmission of the channels on the Universe Service, including the Protected Channels, is shown by a post on Elghany's Telfazhd Telegram page stating, "We are in the process of amending and developing a huge . . . American package and adding many channels to the packages . . . and we are currently working on these channels and we will add them to the server in the next few days."



11

31. Defendants transmit the Protected Channels to Service Users with the Ui-tv.se domain and its assigned computer server. Defendants previously transmitted the Protected Channels to Service Users with the Universe-ip.com; Olink1.rocks; Olink2.rocks; Olink3.rocks; Olink4.rocks; Olink5.rocks; Olink7.rocks; Universepro9.vip; Universeiptv.com, and Universe-ip.world domains and their assigned computer servers.

32. Any member of the public with Internet access, including Service Users, could receive the Protected Channels from Defendants by simply: (1) purchasing a Universe Subscription; (2) (i) downloading a Universe IPTV app from Uni-Update.com to a compatible device such as a Smart TV, computer with a Windows or Mac operating system, Apple or Android device, or (ii) using an Internet browser at Uni-Web.online; (3) inserting the Universe Subscription user name and password into the Universe IPTV app or at Uni-Web.online; and (4) selecting the Protected Channels.

33. Maatouk's World-Universeiptv.com website included a "BUY NOW" link that directed consumers to a shopping cart, where he sold Universe Subscriptions for approximately $70 for twelve months, $40 for six months, and $22 for three months of access to the channels. Elghany's and Maatouk's Facebook, Instagram, Twitter, and Telegram pages also invited consumers and resellers to contact them through WhatsApp to purchase Universe Subscriptions.

34. In July 2020, DISH's investigator contacted Elghany through WhatsApp at +43 676 5815048 to inquire about becoming a reseller of Universe Subscriptions. Elghany responded that the price for one three-month Universe Subscription was 20 Euro (approximately $22) and the price for ten three-month Universe Subscriptions was 200 Euro (approximately $220) with payments to be made to his PayPal account h16am87@gmail.com. Elghany confirmed the Universe Service

works in the United States, they have more than 1,000 subscribers in the United States, and they have one reseller in the United States.

35. Defendants have actual knowledge that the transmission of the Protected Channels on the Universe Service infringes DISH's copyrights. DISH and Networks sent at least 12 notices of infringement between August 27, 2019 and the filing of this Complaint, demanding that Defendants cease transmitting the Protected Channels identified in the notices. Defendants failed to respond to these notices.

36. DISH and Networks sent at least 20 additional notices to CDNs associated with the Universe Service from August 28, 2019 to the filing of this Complaint, requesting the removal of the Protected Channels. Upon information and belief, at least some of these notices were forwarded to Defendants. Even when these CDNs removed the unauthorized content based on Defendants' copyright infringement, Defendants intentionally interfered with the takedown efforts by, for example, transmitting the Protected Channels from different CDNs or locations.

## CLAIMS FOR RELIEF

### Count I

### Direct Copyright Infringement Under 17 U.S.C. § 501

37. DISH repeats and realleges the allegations in paragraphs 1-36.

38. DISH is a copyright owner under 17 U.S.C. § 106 because DISH holds the exclusive rights to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs that make up the Protected Channels.

39. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in programs that aired on the Protected Channels arise under laws of nations other than

the United States that are parties to copyright treaties with the United States, including the United Arab Emirates, Qatar, Egypt, Lebanon, Pakistan, India, and Bangladesh where the programs were authored and first published.  Under 17 U.S.C. §§ 101, 411, the programs that make up the Protected Channels are non-United States works and, therefore, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.

40. Defendants directly infringe DISH's copyrights in violation of 17 U.S.C. § 501 by distributing and publicly performing programs that make up the Protected Channels to Service Users, including the works identified in Exhibits 1-2.  The copyrighted programs were transmitted from computer servers controlled by Defendants to Service Users who accessed the programs using the Universe Service.

41. DISH has not authorized Defendants to distribute or publicly perform the programs that make up the Protected Channels in any manner.

42. The infringement of DISH's rights in each program constitutes a separate and distinct act of copyright infringement.

43. Defendants' actions are willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

44. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law.

## Count II

**Inducing and Materially Contributing to Copyright Infringement Under 17 U.S.C. § 501**

45. DISH repeats and realleges the allegations in paragraphs 1-36 and 38-39.

46. DISH's exclusive rights to distribute and publicly perform the Protected Channels and programs that make up the Protected Channels are directly infringed by the unauthorized transmission of these programs to Service Users who access the programs using Defendants' Universe Service.

47. Defendants materially contribute to this infringement of DISH's exclusive distribution and public performance rights by, among other things, providing Service Users access to the Protected Channels and the programs that make up the Protected Channels, despite having the ability to prevent such access. Defendants also induce the infringement of DISH's exclusive distribution and public performance rights by, among other things, creating the audience for that infringement in the United States.

48. Defendants sell the Universe Service in the United States providing Service Users access to unauthorized streams of the Protected Channels and the programs that make up the Protected Channels. Service Users could simply (1) purchase a Universe Subscription; (2) (i) download a Universe IPTV app from Uni-Update.com to a compatible device such as a Smart TV, computer with a Windows or Mac operating system, Apple or Android device, or (ii) use an Internet browser at Uni-Web.online; (3) insert the Universe Subscription user name and password into the Universe IPTV app or at Uni-Web.online; and (4) select the Protected Channels.

49. Defendants advertise the Universe Service as a means of accessing the Protected Channels. Marks of the Protected Channels available on the Universe Service are included on Omar's Uni-Update.com website; Maatouk's World-Universeiptv.com website, Facebook, and Instagram pages; and Elghany's Facebook, Instagram, and Twitter pages.

50. Defendants provide material assistance to those directly infringing DISH's exclusive rights by providing the Universe Service for the Protected Channels to be viewed. The Protected Channels are presented to Service Users through the Universe Service.

51. Defendants intend that the Universe Service be used to access the Protected Channels and the programs that make up the Protected Channels, and they promote, encourage, and facilitate using the Universe Service in this manner.

52. Defendants have actual knowledge that the transmission of the Protected Channels and the programs that make up the Protected Channels to Service Users infringes DISH's exclusive distribution and public performance rights.

53. Defendants can take simple measures to prevent further infringement of DISH's exclusive rights to distribute and publicly perform the programs that make up the Protected Channels, such as removing the Protected Channels from the Universe Service, blocking the Universe Service from accessing servers and URLs that are identified to be streaming the Protected Channels, ceasing to buy further Universe Subscriptions until the Protected Channels are removed from the Universe Service, and ceasing to sell the Universe Service in the United States.

54. Defendants' actions are willful, malicious, intentional, and purposeful, and in disregard of and with indifference to the rights of DISH.

55. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, DISH prays for judgment against Defendants as follows:

A. For a grant of permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendants, and any of their agents, servants, employees, attorneys, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order (including, without limitation, resellers of the Universe Service), from:

   1. transmitting, streaming, distributing, or publicly performing in the United States, with any Universe Subscription, Universe IPTV app, or any other device, application, service, or process, any of the Protected Channels or any of the programming that comprises any of the Protected Channels;

   2. distributing, selling, providing, or promoting any product or service in the United States, including any Universe Subscription or Universe IPTV app, that comprises the whole or part of a network or service for the distribution or public performance of any of the Protected Channels or any of the programming that comprises any of the Protected Channels;

   3. advertising, displaying, or marketing any Universe Subscription, Universe IPTV app, or other service in connection with the Protected Channels or the programming that comprises the Protected Channels; and

   4. inducing or contributing to another's conduct that falls within 1, 2, or 3 above.

B. For 47 or more registered works, statutory damages as awarded by the Court up to $150,000 per registered work infringed under 17 U.S.C. § 504(c), or the Defendants' profits attributable to the infringement of those registered works under 17 U.S.C. § 504(b).

C. For unregistered works, an award of Defendants' profits attributable to the infringement of each unregistered work under 17 U.S.C. § 504(b).

D. For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

     E.     For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

     F.     For an order permanently transferring each domain name that Defendants used in connection with the infringement to DISH.

     G.     For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

     H.     For such additional relief as the Court deems just and equitable.

Dated:  December 4, 2020

Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024

Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**