**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> MOHAMED OMAR, HOSSAM ABD ELGHANY, and MOUSTAFA MAATOUK, individually and together d/b/a Universe IPTV; Universe TV; World-Universeiptv.com; Uni-Update.com; and Uni-Web.online, <br><br> Defendants. | § § § § § § § § § § § § § § § § § Civil Action No. 4:20-cv-02958 |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

This matter came before the Court on the Motions for Default Judgment filed by Plaintiff DISH Network L.L.C. ("DISH") against Defendants Mohamed Omar, Hossam Abd Elghany, and Moustafa Maatouk (collectively "Defendants") (Dkts. 30, 35).

Having considered the submissions in support of DISH's Motions, and the pleadings on file, the Court Grants the Motions and finds:

DISH owns copyrights in the works that air on the following channels: Aaj Tak; Al Hayah 1; ART Cima; ARY Digital; ARY News; ATN Bangla; ATN News; B4U Movies; CBC; CBC Drama; Channel-i; Dunya TV; Express Entertainment; Express News; Future TV; Geo News; Geo TV; Hekayat; Hum Masala; Hum Sitaray; Hum TV; Hum World; India Today; LBC; LBCI (a/k/a LDC); MBC1; MBC Drama; MBC Kids (a/k/a MBC3); MBC Masr; Melody Aflam; Melody

Classic; NTV Bangla; SAB; SET (a/k/a Sony SET); SET MAX; Zee Aflam; and Zee Alwan (collectively, the "Protected Channels").[1]

Defendants own and operate the Universe IPTV streaming television service (the "Universe Service"). Defendants profit by selling Universe Service subscriptions ("Universe Subscriptions") that provide access to the Universe Service including the Protected Channels.

Defendants, without authorization from DISH, transmitted the Protected Channels and the copyrighted works that air on those channels to users of the Universe Service in the United States. In doing so, Defendants directly infringed DISH's exclusive rights to distribute and publicly perform the works that air on the Protected Channels. Judgment is hereby directed to be entered against Defendants on Count I of DISH's First Amended Complaint (Dkt. 10) for direct copyright infringement.

Defendants also induced and materially contributed to infringement of DISH's exclusive distribution and public performance rights by providing users of the Universe Service in the United States with access to the Protected Channels and the programs that make up the Protected Channels, despite having the ability to prevent such access. Defendants sell Universe Subscriptions in the United States, advertise the Universe Service as a means of accessing the Protected Channels, and the Universe Service provides users in the United States with access to the Protected Channels. Defendants' actions create or expand the audience for the infringement

---

[1] DISH's exclusive rights as to the Protected Channels are currently in effect, with the exception of MBC1, MBC3, MBC Drama and MBC Kids (the "MBC channels") in which DISH's exclusive rights expired on September 23, 2020; ARY Digital and ARY News (the "ARY channels") in which DISH's exclusive rights expired on April 26, 2021; Geo News and Geo TV (the "Geo channels") in which DISH's exclusive rights expired on April 15, 2021; Channel-i in which DISH's exclusive rights expired on April 14, 2021; and Zee Aflam and Zee Alwan in which DISH's exclusive rights expired on May 12, 2021. DISH currently holds the non-exclusive license and right to distribute and publicly perform in the United States all programming aired on the MBC channels, ARY channels, and Geo channels.

of DISH's exclusive distribution and public performance rights in the United States. Defendants had knowledge of the infringing activity as shown by their receipt of numerous notices of infringement demanding that they cease transmitting the Protected Channels, or otherwise cease distributing, selling, and promoting Universe Subscriptions in the United States.

Defendants are contributorily liable for copyright infringement because they served as the intermediary between third parties who directly infringe DISH's exclusive distribution and public performance rights and users of the Universe Service, who became a necessary component of the infringement – the audience. Judgment is hereby directed to be entered against Defendants on Count II of DISH's First Amended Complaint (Dkt. 10) for inducing and materially contributing to copyright infringement.

Based on these findings, the Court Orders:

1. DISH Network L.L.C. shall have judgment against Defendants, jointly and severally, in the total amount of $7,050,000, with interest on this principal amount according to the statutory rate pursuant to 28 U.S.C. § 1961(a). This amount consists of $150,000 for each of the 47 registered, copyrighted works that DISH owns and that Defendants willfully and maliciously infringed by transmitting and providing access to without authorization on the Universe Service;

2. Defendants and any of their officers, agents, servants, employees, attorneys, or other persons, including all dealers, distributors, and retailers of Universe Subscriptions, acting in active concert or participation with any of the foregoing that receives actual notice of the order, are permanently enjoined from:

a. transmitting, streaming, distributing, or publicly performing in the United States, with any Universe Subscription, or any other device, application, service, or process, any

of the Aaj Tak; Al Hayah 1; ART Cima; ATN Bangla; ATN News; B4U Movies; CBC; CBC Drama; Dunya TV; Express Entertainment; Express News; Future TV; Hekayat; Hum Masala; Hum Sitaray; Hum TV; Hum World; India Today; LBC; LBCI (a/k/a LDC); Melody Aflam; Melody Classic; NTV Bangla; SAB; SET (a/k/a Sony SET); and SET MAX channels (the "Injunction Channels") or any of the programming that comprises any of the Injunction Channels;

      b.    distributing, selling, providing, or promoting any product or service in the United States, including any Universe Subscription, that comprises the whole or part of a network or service for the distribution and public performance of the Injunction Channels or any of the programming that comprises any of the Injunction Channels;

      c.    advertising, displaying, or marketing any Universe Subscription, or service in connection with the Injunction Channels or the programming that comprises the Injunction Channels;

      d.    inducing or contributing to another's conduct that is prohibited by a-c above; and

      e.    selling, leasing, licensing, assigning, conveying, distributing, loaning, encumbering, pledging, or otherwise transferring, whether or not for consideration or compensation, any part of Defendants' infringing operations.

    3.    Non-parties providing any form of electronic storage, computer server, website hosting, file hosting (including data center and colocation, primary and backup storage, back-end), domain hosting, domain name registration, privacy protection for domain registration, anonymization for domain registration, proxy, content delivery network services, content acceleration (including traffic routing, bandwidth, content delivery networks ("CDN"), web content optimization, website/data security), advertising (including search based online

advertising), social media services, and email services used in connection with any of the activities enjoined under Paragraph 2, and who receive actual notice of this Order, are enjoined from providing such services in connection with any of the activities enjoined under Paragraph 2. This includes but is not limited to Squitter Networks disabling IP addresses 77.247.109.127; 77.247.109.129; 77.247.109.139; 77.247.109.143; 77.247.109.146; 77.247.109.159; 77.247.109.222; 185.53.89.11; and 185.53.89.33; HostPalace Web Solution Private Limited disabling IP address 185.63.254.137; and all future service providers disabling all IP addresses used to transmit any of the Injunction Channels on the Universe Service. The IP addresses may be reassigned to other customers after they have been disabled and are no longer being used in connection with any of the activities enjoined under Paragraph 2.

4. VeriSign, Inc., Donuts Inc., Minds + Machines Group Limited, doMEn d.o.o., The Internet Foundation of Sweden, and any other registries and registrars of the domain names *World-Universeiptv.com, Uni-Update.com, Universe-ip.com, Universeiptv.com, Olink1.rocks, Olink2.rocks, Olink3.rocks, Olink4.rocks, Olink5.rocks, Olink7.rocks, Universe-ip.world, Universepro9.vip, The-phoenix.me,* and *Ui-tv.se*, within 48 hours of receiving this Order, shall (i) disable, implement a hold, or otherwise make the websites and any other content located at the domain names inaccessible to the public; (ii) transfer the domain names to DISH, including changing the registrar of record to the registrar selected by DISH at DISH's reasonable expense; and (iii) after the transfer, reenable the domain names and remove any hold so that DISH may fully control and use the domain names.

5. Registries and registrars shall disable, implement a hold, or otherwise make the websites and any other content located at the domain names inaccessible to the public on all future domain names used by Defendants (1) in the course of transmitting the Injunction Channels on the

Universe Service or other service in the United States, or (2) to distribute, provide, sell, or promote the Universe Service or other service in the United States, within 48 hours of receiving this Order and a declaration from DISH or its agent stating that the domain names are being used in such a manner. Such domain names shall remain disabled and on hold until further order of this Court, or until DISH provides written notice to the registry or registrar that the domain names shall be reenabled and any hold removed.

6. Violation of this Order shall subject Defendants and all other persons bound by this Order to all applicable penalties, including contempt of Court.

7. The Court shall retain jurisdiction over this action for the purpose of enforcing this final judgment and permanent injunction.

It is so Ordered.

Dated: _____

_____
Sim Lake
United States District Judge